IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESUS SERVANTES, # R67541,   )
                             )
         Petitioner,         )
                             )
    vs.                      )  Case No. 13-cv-01199-DRH
                             )
WARDEN ROECKEMAN,            )
                             )
         Respondent.         )

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Jesus Servantes, who is currently incarcerated in Big Muddy River Correctional Center ("BMR"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the length of his incarceration. Petitioner claims that he has been held beyond the completion of his 8-year sentence for a sexual assault conviction (Doc. 1, p. 17). He seeks immediate release and extradition to Mexico (Doc. 1, pp. 17-18).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESUS SERVANTES, # R67541,   )
                             )
         Petitioner,         )
                             )
    vs.                      )  Case No. 13-cv-01199-DRH
                             )
WARDEN ROECKEMAN,            )
                             )
         Respondent.         )

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Jesus Servantes, who is currently incarcerated in Big Muddy River Correctional Center ("BMR"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the length of his incarceration. Petitioner claims that he has been held beyond the completion of his 8-year sentence for a sexual assault conviction (Doc. 1, p. 17). He seeks immediate release and extradition to Mexico (Doc. 1, pp. 17-18).

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." After careful review of the petition, the Court concludes that petitioner shall be allowed to proceed with the petition at this early stage.

## I.     THE HABEAS PETITION

Petitioner seeks to challenge the length of his sentence on a single ground. According to the petition, he has "served [his] prison term and request[s] that the federal court issue an order of extradition to Mexico on [his] behalf" (Doc. 1, p. 17). Petitioner maintains that he should have been released from prison following the completion of an 8-year sentence for his sexual assault conviction. According to the Illinois Department of Corrections' website,[1] petitioner was taken into custody on July 1, 2006. He was sentenced to eight years for criminal predatory sexual assault; he was also sentenced to two 1-year terms of imprisonment for aggravated DUIs. This database indicates that petitioner's projected parole and discharge date is May 7, 2016.

Petitioner alleges that he has attempted, albeit unsuccessfully, to exhaust his state court remedies prior to filing this action. The law requires him to exhaust state court remedies before his claim may be addressed in federal court, or else show cause and prejudice for his failure to exhaust. 28 U.S.C. §

---

[1] Petitioner's conviction and sentencing information was found on the website of the Illinois Department of Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Dec. 12 ,2013). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). Section 2254 provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed." (internal citations omitted)). A prisoner need not pursue all separate state remedies that are available to him, but must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Petitioner asserts that he filed "several" petitions for a writ of habeas corpus

with the state courts, although he includes no case name or number (Doc. 1, p. 8). When he received no response, petitioner also filed a motion to compel seeking a ruling on at least one petition. He maintains that he should be excused from the exhaustion requirement because the state court failed to respond.

## II. <u>DISPOSITION</u>

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

Signed this 16th day of December, 2013.

Digitally signed by
David R. Herndon
Date: 2013.12.16
12:01:25 -06'00'

**Chief Judge
United States District Court**