IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESUS SERVANTES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )     **Civil No.  13-cv-1199-DRH-CJP** |
| | ) |
| **JASON C. GARNETT,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Jesus Servantes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  Petitioner alleges that he has served his prison sentence, but he is still being illegally held in prison.  He is a citizen of Mexico, and he requests that he be released from prison and "extradited" to Mexico.

## Relevant Facts and Procedural History

This summary of the facts is derived from respondent's answer, Doc. 13, and is supported by the exhibits filed at Doc. 14.

Petitioner pleaded guilty to one count of predatory criminal sexual assault and two counts of aggravated DUI in Cook County, Illinois, in January 2008.  He was sentenced to eight years of imprisonment on the sexual assault count and one year of imprisonment on each of the DUI counts.  The one-year sentences were to be served concurrently with each other but consecutive to the eight-year term.  Petitioner's sentence also included a three-year term of mandatory supervised release (MSR), as required by 730 ILCS 5/5-8-1(d).  Petitioner did not file an

appeal.

Petitioner was scheduled to be released on MSR on October 19, 2013. One of the conditions of petitioner's MSR required him to reside at a suitable host site under electronic monitoring. See, Ex. 6, Parole Review Board Order. However, no suitable host site was available. He was, therefore, found to be in violation of the conditions of his supervised release and he remained in prison while serving his term of MSR. See, Ex. 7, Parole Violation Report.

On March 24, 2016, respondent informed the Court that Servantes was released from prison on February 19, 2015, and is now serving his term of mandatory supervised release. See, Doc. 23.

## Analysis

28 U.S.C. §2254(a) provides that a person who is "in custody pursuant to the judgment of a State court" may file a petition for writ of habeas corpus in federal court. The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998). A petitioner who is released on supervised release remains "in custody" for purposes of §2254. See, *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004), and cases cited therein.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal

citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004).   That is the situation here.   Petitioner does not challenge the validity of his conviction, prison sentence, or term of mandatory supervised release.   He only challenged his continued incarceration beyond the end of his prison term.   Because he has now been released from prison, he has received the relief he sought.

**Conclusion**

Jesus Servantes' petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1) is moot.   This action is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:   April 7, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.04.07
13:23:34 -05'00'

**United States District Court**